# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**TIMOTHY DEWAYNE MAYNARD**                                                             **PETITIONER**

**v.**                                                **CIVIL ACTION NO. 3:18-CV-P107-TBR**

**MARK BOLTON, DIRECTOR**                                                     **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Timothy DeWayne Maynard filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition.

## I.

Petitioner indicates that he has been incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC) since March 19, 2017, for the alleged offense of "Assault 1st Degree," Jefferson Circuit Court Case No. 17-CR-1380. He alleges Fifth and Fourteenth Amendment due process violations.[2]

First, Petitioner claims that the alleged victim "gives 3 Audio interviews with Approximately 8 different versions of what he says happened. No two versions the same.

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

[2] In the petition (DN 1), Petitioner alleges a violation under the Fourteenth Amendment, but in a subsequent filing (DN 6), he indicates that he wants to amend the petition to state "violation of my 14th and fifth Amendment Rights."

Because no two are the same, petitioner alleges they can't all Be true." He further claims that "no evidence in the Discovery backs [the alleged victim's] versions of events."

Second, Petitioner alleges that "LMPD & Detectives willingly allowed Petitioner to become intoxicated knowing he would have to be interviewed and mirandaized at some point." He claims that he was interviewed three times with the "first 2 times on crime scene with no miranda warning after he's allowed to get drunk and then the 3rd Questioning Directly after the 1st two but taken at Police HQ's while Drunk and then with a miranda warning."

As relief, Petitioner seeks (1) immediate release from incarceration; (2) "[a] court order Demanding an answer on each ground from the Jefferson Circuit Court 7th Division"; (3) dismissal of state charges with prejudice; and (4) judicial review of his case "because of the false statements given to the Commonwealth Attorney and used by the Commonwealth Attorney to deprive me of my Liberty."

## II.

A petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted

available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1-2 (E.D. Mich. July 20, 2009).

The Sixth Circuit Court of Appeals has found the three following exceptions to the prohibition against the federal court's consideration of a pretrial § 2241 habeas petition: (1) when a petitioner seeks a speedy trial, *see Atkins*, 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on the grounds of double jeopardy, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of these exceptions is present here. Even if the Court could consider Petitioner's claims, Petitioner fails to demonstrate exhaustion of available state court remedies,[3] and he can still present any constitutional claims during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack. *See, e.g.*, *Thacker v. Rees*, No. 86-5973, 1988 WL 19179, at *6 (6th Cir. Mar. 8, 1988) ("Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion.").

---

[3] While Petitioner checkmarks "Yes" to a question of whether he exhausted available administrative or judicial remedies, he indicates that he did not appeal any decision for the following reasons: "My public Defender was working with the court and was/has been in-effective for me. I asked her to step off my case so that another public defender could take my case which was granted on 15 Dec. 2017 by the same judge and the same court . . . . Further, I'm a pretrial Detainee."

To rule on the merits of the petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. Accordingly, the Court will dismiss the § 2241 petition as premature.

**III.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Petitioner, *pro se*
       Respondent
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
          Frankfort, KY 40601
4413.005